NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., <br>              Plaintiff, <br>   v. <br> MORGAN SCHILLING, <br>              Defendant. | Civil Action No.: 20-9621 <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendant Morgan Schilling's ("Schilling" or "Defendant") motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 86. Defendant argues that plaintiff Howmedica Osteonics Corporation ("Howmedica" or "Plaintiff") is collaterally estopped from bringing the claims it asserts herein because the underlying issues were previously litigated to final judgment in the District of Colorado. *See id.* (referencing *ORP Surgical, LLC et al. v. Howmedica Osteonics Corp.*, No. 20-cv-1450, (D. Colo.) ("D. Colo. Dkt." or the "Colorado Action")). Plaintiff filed an opposition (ECF No. 98), and Defendant replied (ECF No. 105). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion for judgment on the pleadings is denied.

**I.    BACKGROUND**

    **A.    The New Jersey Action**

This case arises out of an employment dispute between Howmedica and Schilling. Howmedica is a subsidiary of Stryker Corporation ("Stryker"), a "global leader in the development, manufacture, and sale of orthopaedic implants, instruments, and other orthopaedic products and services." ECF No. 1, ¶ 3. Schilling is a Colorado-based, former Stryker employee,

who worked for the company from approximately 2006 until 2019. *Id.* at ¶ 7. Generally, Stryker uses sales representatives employed directly by the company, as well as third-party distributors, to sell its products. *Id.* at ¶ 26. Stryker deployed this sales model in Colorado—Schilling served as one of Stryker's sales managers in the Denver, Colorado marketplace, and ORP Surgical, LLC ("ORP") was Stryker's distributor in the same region through at least May 2020. *Id.* at ¶¶ 27, 56.

The Complaint alleges that, on or about February 27, 2006, Schilling began his employment with Stryker. *Id.* at ¶ 56. Before that, Howmedica claims that Schilling worked as a sales representative and sales manager at ORP. *Id.* While employed with Stryker, Schilling received "significant" training and development, and moreover, Stryker "entrusted him with new and additional highly-valuable customer relationships." *Id.* at ¶¶ 57–61. In his role as sales manager, Schilling formed and grew over the course of his tenure with Stryker. *Id.* To effectively perform his role, Stryker gave Schilling access to Stryker's confidential and proprietary information concerning, among other things: 1) Stryker's operations, products, pricing, manufacturing processes, research, and competitors; 2) customers; and 3) Stryker's sales representative in the Colorado region, including customer relationships, sales targets, and sales history. *Id.* at ¶¶ 62–63. Moreover, given Stryker's sales model, Schilling interacted with ORP on a daily basis. *Id.* at ¶ 65.

On August 6, 2019, Schilling voluntarily resigned his employment with Stryker. *Id.* at ¶ 66. When Schilling resigned and thereafter, despite his contractual obligations and reminders from representatives of Stryker, Schilling did not provide Stryker with any information about his new employment. *Id.* at ¶ 67. Instead, Schilling told Stryker he was not taking a new job at that time, but that he would "notify Stryker immediately" concerning any employment he secured pursuant to his employment agreement with Stryker. *Id.* at ¶ 68. Based on these representations, beginning

in September 2009, Stryker began paying Schilling $29,000 a month in severance payments as required by the parties' agreement. *Id.* at ¶ 69. However, despite these representations, and others made by Schilling between 2011 and 2019 while still employed by Stryker that he had no financial interest in a competitor, Stryker learned that Schilling "had a Grant of Conditional Option and Agreement to Acquire Membership Interest" in ORP, dated August 1, 2013, and that Schilling "possessed a 25 percent ownership interest in ORP." *Id.* at ¶¶ 70–71. According to Howmedica, holding such an interest in ORP constituted a violation of Schilling's employment agreement. *Id.* at ¶¶ 76, 90.

Further, Howmedica identified other instances in which Schilling violated his employment agreement by competing directly against Howmedica during and after his employment with the company. *Id.* at ¶ 76. Specifically, Howmedica discovered that while still a Stryker employee, Schilling negotiated a sales contract with a Colorado hospital, which included "a mix of Stryker products and competitive Acumed products." *Id.* at ¶ 77. Howmedica learned that, after leaving Stryker and contrary to his non-compete agreement, Schilling trained ORP sales representatives on how to use and sell Acumed products. *Id.* at ¶ 73. Finally, Howmedica alleges it also became aware of communications between Schilling and ORP during Schilling's employment with Stryker concerning the promotion of competitor products, training opportunities with competitor companies, sales targets for competitor products, and ORP owners' meetings. *Id.* at ¶ 82.

Howmedica initiated this action on July 29, 2020, alleging claims for: 1) breach of contract; 2) breach of fiduciary duty; and 3) unfair competition. ECF No. 1. On September 22, 2020, Schilling answered Howmedica's complaint and alleged counterclaims. ECF No. 16. Howmedica answered Schilling's counterclaims on October 26, 2020. ECF No. 19. Thereafter, on May 23, 2022, Schilling moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

3

12(c), arguing that the doctrine of collateral estoppel precludes Howmedica from litigating the issues underlying this case because they were already decided in a litigation in the United States District Court for the District of Colorado, and, accordingly, Howmedica's Complaint should be dismissed. ECF No. 86. Howmedica opposed the motion (ECF No. 98), and Schilling replied (ECF No. 105).

**B.     The District of Colorado Action**

On May 21, 2020, ORP sued Howmedica in the United States District Court for the District of Colorado, alleging, among other claims, that Howmedica breached two contracts with ORP. *See* D. Colo. Dkt. ECF No. 1. Schilling was not a named party in this action. During the litigation, Howmedica asserted counterclaims against ORP for breach of contract, unfair trade practices, and tortious interference. *Id.* at ECF No. 84. Howmedica apparently raised Schilling's conduct in the Colorado Action (again, although Schilling was not a party) because it alleged that ORP's relationship with Schilling breached contracts between ORP and Howmedica, and further ORP tortiously interfered with the employment agreement between Howmedica and Schilling. *See generally id.* at ECF No. 84. Specifically, Howmedica alleged that ORP: 1) incentivized and utilized Schilling to breach his contractual and fiduciary obligations to Howmedica; 2) tortiously interfered with Howmedica's contract with Schilling by having Schilling train ORP employees on competitor products during Schilling's non-compete period; 3) provided Schilling with a financial interest in ORP; 4) had Schilling promote competitor products and include those products in contracts between Howmedica and its customers; and 5) had Schilling utilize Howmedica's confidential information to its detriment. *Id.* at ECF No. 84, ¶¶ 127, 135, 147–150

After a bench trial, the District of Colorado court denied Howmedica's counterclaims. *Id.* at ECF No. 398, pg. 29. As the counterclaims related to Schilling, the court made three findings.

4

First, the court "found the record devoid of evidence that [Schilling] improperly promoted Acumed products to Stryker's detriment." *Id.* at ECF No. 398, pg. 11. Next, the court determined "to the extent that . . . [Schilling's] involvement with ORP breached his personal non-compete, the record indicates that Stryker requested that [Schilling] deal with ORP on its behalf." *Id.* And, regarding Schilling's financial stake in ORP, the court concluded that "[Schilling's] close relationship with ORP was common knowledge among the parties." *Id.* at ECF No. 398, pg. 12. Finally, the court noted that "the claims against [Schilling] belong in [New Jersey, as part of the instant action], not here." *Id.*

## II.     LEGAL STANDARD

Under Rule 12(c), a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). To grant a motion for judgment on the pleadings, the moving party must demonstrate that there are no issues of material fact and that it is entitled to judgment as a matter of law. *See Rosenau v. Uniford Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A material fact is genuinely in dispute where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court must also view the facts in the light most favorable to the nonmoving party and derive all favorable inferences from those facts. *See Huertas v. U.S. Dep't of Educ.*, No. 08-cv-3959, 2009 WL 3165442, at *2 (D.N.J. Sept. 28, 2009); *see also Watts v. H&M Int'l Transp., Inc.*, No. 12-cv-6703, 2014 WL 2854772, at *1–*2 (D.N.J. June 20, 2014).

## III.   DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint pursuant to the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCury*, 449 U.S. 90, 94 (1980). Collateral estoppel is warranted, and thus a prior ruling by a federal court may bar relitigating an issue, when "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1231–32 (3d Cir. 1995). Collateral estoppel should not be applied if "any one of these factors goes unsatisfied." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997). The party asserting collateral estoppel "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Gruntal & Co., Inc. v. Steinberg*, 854 F. Supp. 332, 337 (D.N.J. 1994) (citations omitted). "Reasonable doubts as to what was decided by a prior judgment should be resolved against using it as an estoppel." *Id.* (citations omitted).

Here, Schilling argues that the court in the Colorado Action has already decided all the issues Howmedica has put before this Court. ECF No. 86. Specifically, Schilling contends that his alleged conduct underlying Howmedica's causes of action here—such as, promoting competitor products, violating his non-compete agreement, and holding an ownership interest in ORP—was litigated to final judgment in the Colorado Action and that the District of Colorado's findings as to this conduct were essential to its judgment denying Howmedica's claims. As such, Schilling argues that Howmedica is collaterally estopped from bringing these issues again through the claims

it asserts here. By contrast, Howmedica argues, among other things, that Schilling's purported breach of his employment contract was not litigated in the Colorado Action, and, as a result, there has been no determination as to this asserted breach of contract. ECF No. 98. Howmedica further asserts that because Schilling has failed to establish each element of collateral estoppel, his motion should be denied. For the reasons discussed further below, the Court agrees with Plaintiff.

As noted above, for collateral estoppel to apply an issue must have been "actually litigated." *Burlington Northern R. Co.*, 63 F.3d at 1231–32.[1] An issue has been actually litigated when it has been "properly raised, by the pleadings or otherwise, submitted for determination, and is determined." *Salerno Med. Assocs., LLP v. Riverside Med. Mgmt, LLC*, 542 F. Supp. 3d 268, 278 (D.N.J. 2021) (quoting *ITT Corp. v. Intelnet Int'l*, 366 F.3d 205, 211 n.10 (3d Cir. 2004) (quotations omitted)); *see also Tadros v. Stack*, No. 10-cv-2535, 2011 WL 6934843, at *2 n.1 (D.N.J. Dec. 30, 2011) (noting that actually litigated means "properly raised in an earlier lawsuit, submitted to the court for a determination, and determined") (citation omitted)). An issue has been determined for purposes of the "actually litigated" inquiry if the reviewing court determines "that the issue in dispute was *clearly resolved* by the first tribunal." *Arlington Indus., Inc. v Bridgeport Fittings, Inc.*, 106 F. Supp. 3d 506, 514 n.7 (M.D. Pa. 2015) (citation omitted) (emphasis in original).

Defendant argues that this requirement is satisfied. Specifically, Defendant notes that his conduct was raised in the Colorado Action through Plaintiff's opening statements, cross-examination, and testimony, as well as colloquies with the court itself. EF No. 86 at 24–26. And

---

[1] The Court notes that the parties also dispute whether the other three collateral estoppel factors have been met. However, as the Court finds that the issues here have not been "actually litigated," and thus collateral estoppel's second element has not been met, it need not address the remaining factors. *See David v. Wells Fargo Fin. Inc.*, No. 08-cv-1891, at *2 n.5, 2008 WL 11510645, (D.N.J. Dec. 18, 2008) (citations omitted).

moreover, as Plaintiff's counterclaims relied on this conduct, Defendant's conduct was submitted to the court for consideration. Indeed, Defendant asserts that the Colorado court, in denying Plaintiff's counterclaims, made three conclusive, and thus preclusive, findings as to his conduct. *Id.* at 26–28.

However, although Defendant's conduct may have been implicated in the Colorado Action, this Court finds that Defendant has failed to demonstrate "with clarity and certainty" that the Colorado court determined issues surrounding Defendant's conduct such that collateral estoppel should apply. *Steinberg*, 854 F. Supp. at 337. Specifically, in the Colorado Action, the court was faced with determining whether ORP beached *its* contracts with Howmedica. And, as part of that claim, Howmedica alleged that ORP, in the course of its relationship with Schilling, "utilize[d]" and "incentivized" him in ways that breached the contract between ORP and Howmedica. D. Colo Dkt. at ECF No. 84, ¶¶ 128, 149–150. It is within this context—whether actions taken by ORP with respect to Schilling constituted a breach of the contract with Howmedica—that the Colorado court found, as noted above: 1) no evidence that Schilling improperly promoted a competitor's products to Howmedica's detriment; 2) regarding Schilling's involvement with ORP, Howmedica affirmatively requested that Schilling deal with ORP on its behalf; and 3) regarding claims that Schilling's financial stake in ORP caused ORP to breach, Howmedica had knowledge of the close relationship between ORP and Schilling. *Id.* at ECF No. 398, pgs. 11–12. These findings were not made to address whether Schilling breached *his* contract with Howmedica but rather were made to assess whether ORP breached its obligations to Howmedica. And Defendant has not, despite an overlap in the substance of the issues, demonstrated with clarity and certainty that the Colorado court considered and then determined Schilling's obligations under his employment agreement. Indeed, the Colorado court appears to have refrained from offering any opinion regarding disputes

8

between Schilling and Howmedica, noting that while "[Howmedica] [did] not show[] how any alleged misconduct by [Schilling] affects *ORP*'s compliance" with the contracts, "the claims against [Schilling] belong in the New Jersey case." *Id.* at ECF No. 398, pg. 12.

In sum, this Court reads the Colorado's court decision to opine on Schilling's conduct only insofar as it implicated a potential breach between ORP and Howmedica. To the extent Schilling asserts that the Colorado court's decision also addressed liability under Schilling's employment agreement, that contention appears to be belied by the Colorado court's findings that claims against Schilling should be litigated in New Jersey. In any event, Defendant has not asserted with "clarity and certainty what was determined by the prior judgment." *Steinberg*, 854 F. Supp. at 337; *see also Gregory v. Chehi*, 843 F.2d 111, 121 (3d Cir. 1988) ("Reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel.") (citation omitted)). Accordingly, Defendant has not satisfied the "actually litigated" requirement of collateral estoppel, and thus Defendant's motion is denied.

**IV.     CONCLUSION**

For the reasons set forth above, Defendant's motion to for judgment on the pleadings is denied. An appropriate Order accompanies this Opinion.

DATE:  December 23, 2022

s/ Claire C. Cecchi
_____
**CLAIRE C. CECCHI, U.S.D.J.**

9